UNITED STATES OF AMERICA
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

FILED
APR 11 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER 1:06CV00663

JUDGE: John D. Bates

DECK TYPE: Administrative Agency Rev[iew]

DATE STAMP: 04/11/2006

THOMAS P. TIERNEY,
   Plaintiff/Appellant

vs.

FEDERAL ELECTION COMMISSION
and MASSACHUSETTS REPUBLICAN
STATE CONGRESSIONAL
COMMITTEE
   Defendants/Respondents

APPEAL OF DECISION OF THE
FEDERAL ELECTION COMMISSION

Plaintiff/Appellant Thomas P. Tierney ["Tierney"] hereby appeals the decision of the Federal Election Commission ["FEC"] entered on February 10, 2006 regarding the complaint Tierney filed with the FEC on November 12, 2006 against the Massachusetts Republican State Congressional Committee ["Committee"] - a matter the FEC identifies via FEC Identification Number MUR 5613.

## SUBSTANTIVE DETAILS

1. Plaintiff/Appellant Thomas P. Tierney is, and at all times mentioned was, a resident of the Town of Framingham, County of Middlesex, Commonwealth of Massachusetts; Tierney's street address is, and at all times mentioned has been, 7 Lomas Drive, Framingham, MA 01701-3950.

2. Defendant/Respondent Federal Election Commission is an agency of the government of the Unites States of America with a usual place of business at: 999 E Street, NW, Washington, DC 20463.

3. Defendant/Respondent Massachusetts Republican State Congressional Committee is a Federal political committee [registered with the FEC under FEC Identification Number C00042622] with a usual place of business at: 85 Merrimac Street, Suite 400, Boston, MA 02114.

1

4. "[T]he complaint Tierney filed with the FEC on November 12, 2006 against the Massachusetts Republican State Congressional Committee" is the 2-page letter dated October 25, 2004 that is the first of the two attachments to this complaint.

5. "[T]he decision of the Federal Election Commission . . . entered on February 10, 2006" is the 8-page document compilation [consisting of: a 1-page Calvert-to-Tierney letter that is dated "FEB 22 2006"; a 6-page "FIRST GENERAL COUNSEL'S REPORT" that is dated "FEB 7 2006"; and a 1-page "CERTIFICATION" by a Mary W. Dove that is dated February 10, 2006] that is the second of the two attachments to this complaint.

6. Plaintiff/Appellant Thomas P. Tierney asserts that the FEC [in its February 10, 2006 decision] erred by: (i) making false factual findings, (ii) misapplying the law and (iii) failing to consider certain evidence.

7. Plaintiff/Appellant Thomas P. Tierney requests the Court, as it sees fit, to process Tierney's complaint de novo or to return it to the FEC for ordered correction. In the de novo situation, Tierney does not request fact determination by a jury but he does not object to same if the Court deems it to be preferable.

## PROCEDURAL DETAILS

8. <u>Counsel</u> - Tierney is presently pro se but expects to retain counsel soon.

9. <u>Fees</u> - Tierney's check no. 1044 [in the amount of $350.00 and dated 4-10-2006] is enclosed herewith as a filing fee.

10. <u>Summons</u> - A summons for each of the two Defendant/Respondents is enclosed herewith.

11. <u>Other Notice</u> - Copies of this 2-page complaint [along with its 8 pages in attachments] are being mailed [simultaneous with the submission to the Court of this complaint and via postage-prepaid United States Postal Service First Class Mail] to the United States Attorney General and the United States Attorney for the District of Columbia.

12. <u>Duplicate Filing</u> - A copy of this complaint with its two attachments, the noted check and the noted summons are enclosed herewith.

*Signed under the pains and penalties of perjury this tenth day of April 2006.*

Thomas P. Tierney,
Plaintiff/Appellant

Thomas P. Tierney
7 Lomas Drive
Framingham, MA 01701-3950

Tel. (508)877-3700 [weekdays]
     (508)877-7640 [eves./wknds.]
     (508)877-7578 [facsimile]

E-mail: Tptactuary@aol.com

October 25, 2004

Office of General Counsel
Federal Election Commission
999 E Street, N.W.
Washington, DC 20463

RE: Massachusetts Republican State Congressional Committee
    Federal Election Commission ["FEC"] Identification No. C00042622

Ladies and Gentlemen:

In Accordance with the FEC publication entitled "Filing a Complaint" [published in July 1998 and accessible at http://www.fec.gov/pages/brochures/complain.shtml] and in the spirit of Edmund Burke's observation that "The only thing necessary for the triumph of evil is for good men to do nothing.", I hereby complain to the FEC about the operation of the referenced entity ["the Committee"].

## SUMMARY

I assert that the Committee has violated Federal Election Campaign Statutes and related FEC Regulations by: (i) failing to disburse funds therefrom in an appropriate amount for legitimate electioneering in connection with the forthcoming election on November 2, 2004 of ten Representatives in Congress from the State of Massachusetts; and (ii) diverting funds therefrom for activities related to the promotion, in the noted election, of various candidates for non-Federal public office in Massachusetts.

## BACKGROUND

Massachusetts is unique among the fifty states in our Union in that it alone has no member of Congress [Senator or Representative] that is a member of the Republican Party. This vacuum has allowed the Committee to amass unusual financial strength. To wit, the financial disclosures made to the FEC covering the 1/1/2003-10/13/2004 inclusive time-period indicate that the Committee had received $3,674,722.16 in Federal contributions during this interval.

These received monies are, in effect, trust-fund assets that belong, in a beneficial sense, to the voters of Massachusetts and that are supposed to be used by various interested parties, including especially the principal campaign committees of U.S. Congressional candidates, to inform [primarily through private media and postal communications] these voters about Federal electioneering in Massachusetts.

06 0663

FILED

APR 11 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Office of the FEC General Counsel
October 25, 2004
Page 2

## THE PROBLEM

The problem is that these monies have not been so expended. More specifically:

* The noted financial disclosures indicate that only $590.00 of the $3,674,722.16 was distributed during the 1/1/2003-10/13/2004 inclusive time-period as "Contributions to Fed. Candidates/Committees and other Political Committees". This distribution ratio is so low that it constitutes prima facie evidence of Committee malfeasance.

* The noted financial disclosures indicate that $878,674.52 of the $3,674,722.16 was distributed without proper documentation during the 1/1/2003-10/13/2004 inclusive time-period [see lines 21-31 on Page 2 of the related FEC Form 3X filings]. These unaccounted disbursements must be identified and the character of same must be validated in order to protect the noted voters on behalf of whom such expenditures were supposedly made.

* The noted financial disclosures indicate that all other Committee expenditures [except for the noted $590.00] were either spent on Federal fund-raising, transferred to "Affiliated/Other Party Committees" or used to pay for the employee salaries and other expenditures of a non-Federal entity called the Massachusetts Republican State Committee ["the MRSC"]. The MRSC expenditures were made pursuant to a non-specified allocation process which resulted in approximately $3 Million of Federal funds being diverted from proper Federal campaign activity to improper Massachusetts State, County and possibly Municipal campaign activity. A precision accounting of the diversion is not possible because of the missing disclosure and allocation documentation but such is required in order to secure the noted voter protection.

## CONCLUSION

Please resolve the noted problems and then take action as needed to hereafter protect American voters by establishing guidelines for the proper campaign expenditure and expense allocation activity of Federal political committees.

Note, for your information, that the undersigned is a ballot-certified candidate for the office of Representative in U.S. Congress, but that this filing is being done by myself as an individual and independent of my candidacy for a seat in the U.S. House of Representatives.

Subscribed and sworn to before me on this 10th day of November, 2004.

Very truly yours,

_Thomas P. Tierney_ personally appeared before me, and proved his/her identification through satisfactory evidence, which were _MA License_ and acknowledged he/she signed the foregoing instrument voluntarily for its stated purpose on this _10_ day of _Nov, 2004_.

Notary Signature _Michelle Antonio_

THOMAS P. TIERNEY

Michelle Antonio
Notary Public
My Commission Expires
May 1, 2009



FEDERAL ELECTION COMMISSION
WASHINGTON, D.C. 20463

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

FEB 2 2 2006

Thomas P. Tierney
7 Lomas Drive
Framingham, MA 01701-3950

RE:   MUR 5613

Dear Mr. Tierney:

On February 10, 2006, the Federal Election Commission reviewed the allegations in your complaint dated November 12, 2004, and found that on the basis of the information provided in your complaint and information provided by the Massachusetts Republican State Congressional Committee and Brent Andersen, in his official capacity as treasurer ("Respondent"), there is no reason to believe that the Respondent violated the Act. Accordingly, on February 10, 2004, the Commission closed the file in this matter.

Documents related to the case will be placed on the public record within 30 days. See Statement of Policy Regarding Disclosure of Closed Enforcement and Related Files, 68 Fed. Reg. 70,426 (Dec. 18, 2003). A copy of the dispositive General Counsel's Report is enclosed for your information.

The Federal Election Campaign Act of 1971, as amended, allows a complainant to seek judicial review of the Commission's dismissal of this action. See 2 U.S.C. § 437g(a)(8).

Sincerely,

Lawrence H. Norton
General Counsel

BY:   Lawrence L. Calvert, Jr.
Deputy Associate General Counsel
for Enforcement

Enclosure
General Counsel's Report

FEB 7 2006

FEDERAL ELECTION COMMISSION
999 E Street N.W.
Washington, D.C. 20463

2006 FEB -7 P 1:19

**SENSITIVE**

FIRST GENERAL COUNSEL'S REPORT

MUR 5613
Date Complaint Filed:  November 12, 2004
Date of Notification:   November 19, 2004
Last Response Received: December 6, 2004
Date Activated:         November 7, 2005

Expiration of SOL:   1/08-12/09

COMPLAINANT:        Thomas P. Tierney

RESPONDENT:         Massachusetts Republican State
                    Congressional Committee and
                    Brent Andersen, in his official capacity
                    as treasurer

RELEVANT STATUTES
AND REGULATIONS:    2 U.S.C. § 434(b)(5)
                    11 C.F.R. § 100.24(b)
                    11 C.F.R. § 102.5
                    11 C.F.R. § 102.6(a)(1)
                    11 C.F.R. § 104.3(b)(3)(i)(A)
                    11 C.F.R. § 106.7
                    11 C.F.R. § 300.31

INTERNAL REPORTS CHECKED:   Disclosure Reports

FEDERAL AGENCIES CHECKED:   None

I.  **INTRODUCTION**

The Complainant was the Republican nominee for the U.S. Representative from the 5th District of Massachusetts in the 2004 general election. Evidently unhappy with the lack of any direct financial support for his campaign by the Respondent, which is the state committee of the Republican Party of Massachusetts, he filed this Complaint. He alleges, in essence, that the Respondent's failure to make direct campaign contributions

to his campaign or other Federal candidates' campaigns, and its alleged diversion of more than $3 million to non-federal purposes, violated the Federal Election Campaign Act of 1971, as amended ("Act"). He also appears to allege that more than $800,000 of Respondent's disbursements were not itemized, but should have been. The former contentions have no merit as a matter of law, and the latter appears to have no merit as a matter of fact. Therefore, we recommend that the Commission find no reason to believe that Respondent or its treasurer violated any provision of the Act, and close the file.

## II.     FACTUAL AND LEGAL ANALYSIS

The Massachusetts Republican State Congressional Committee's ("Committee") 2003 Amended Year-End report indicates that the Committee had total receipts that year of $1,591,781.27 and total disbursements of $1,189,530.60, of which all were in the category of "Federal Disbursements." Attachment 3. The Committee's 2004 Amended Year-End disclosure report indicates that the Committee had total receipts of $2,383,962.32 and total disbursements of $2,771,759.54, of which all were in the category of "Federal Disbursements." Attachment 4. Out of the total disbursements of more than $3.6 million in the 2003-2004 election cycle, the Committee reported making only one contribution to a Federal candidate in the entire cycle. That in-kind contribution, in the amount of $385.00 was made to Stephen O'Malley, Jr., a Republican Congressional candidate in the 6th District of Massachusetts on January 22, 2004. Attachment 1.

Complainant alleges that the Federal contributions received by the Committee are "trust-fund assets that belong, in a beneficial sense to the voters of Massachusetts and that are supposed to be used by various interested parties ... to inform these voters about

MUR 5613
First General Counsel's Report
Page 3 of 6

Federal electioneering in Massachusetts." Complainant further asserts that the Committee's contribution of such a tiny proportion of its total disbursements to Federal candidates/committees and other political committees during the 2003-2004 election cycle is, under his "trust fund" theory, prima facie evidence of its violation of the Act. Instead of spending the money for Federal purposes as it was required to, he alleges that the Committee improperly diverted $3,000,000 intended for use in Federal campaigns to use in state, local and municipal campaign activity.

The response first disputes the Committee's actual name and states "there is no such entity as the Massachusetts Republican State Congressional Committee."[1] Further, the response asserts that the Committee exists on a state and federal level for fundraising purposes and allocations of funds are either regulated by the Commonwealth of Massachusetts or the Federal Election Commission; the Complainant is mistaken in his premise that there is a specialized "trust fund" for candidates for the United States Congress when in fact it is a general federal account that can be used for any or all of the proper purposes of federal funds; and the Complainant has not identified any purposes for which the funds were improperly used.

There are no provisions of the Act or regulations that support the Complainant's "trust fund" theory. The Act does not require a state party committee to support a specific candidate's campaign efforts with its receipts. Indeed, while the Act places

---

[1] The Committee has been registered with the Commission as a state party committee since January 16, 1976. Over the years, the Committee has referred to itself in various ways such as the Massachusetts Republican Party and the Massachusetts Republican State Party in some of its disclosure reports. However, the FEC identification number, C00042622, is consistently the same on all of the Committee's reports. The Committee filed its most recent amended Statement of Organization in 2003 referring to itself as the "Massachusetts Republican State Congressional Committee." Attachment 2. It appears that, while the Committee has referred to itself in various ways over the years, its official name is the "Massachusetts Republican State Congressional Committee."

MUR 5613
First General Counsel's Report
Page 4 of 6

considerable restrictions on the spending of money from a state party committee's Levin and non-Federal accounts, see generally 2 U.S.C. §§ 441a(b) and (c), it places no restrictions whatsoever, on the purposes for which a state party committee's Federal funds, placed in its Federal account, may be spent – and it is the latter that is at issue here. The "Federal" in the term "Federal funds" means that the funds have been raised and reported in compliance with the limitations, prohibitions and reporting requirements of the Act, see 11 C.F.R. § 300.2(g), not that the funds must be spent in support of Federal candidates.

Lastly, Complainant asserts that "the noted financial disclosures indicate that $878,674.52 of the $3,674,722.16 was distributed without proper documentation during the 1/1/03-10/13/04 inclusive time period [see lines 21-31 on Page 2 of the related FEC Form 3X filings]". Complainant does not explain the way in which he arrived at this figure, and it is not exactly clear what he means. Giving the complaint a very liberal reading, we assume that Complainant is alleging that the Committee failed to properly itemize $878,000 in disbursements that should have been itemized in violation of 2 U.S.C. § 434. State party committees are only required to itemize disbursements if a disbursement exceeds $200 in a given calendar year for a person. See 2 U.S.C. § 434(b)(5); 11 C.F.R. §§ 100.10, 104.3(b)(3)(i). In addition, state party committees are required to state a purpose for each itemized disbursement. 11 C.F.R. § 104.3(b)(3)(i)(A). We have reviewed the Committee's reports for the years 2003-2004 to ascertain the difference between the total disbursements made by the Committee versus the total itemized disbursements.

4

MUR 5613
First General Counsel's Report
Page 5 of 6

In total, the Committee had $3,406.55 in unitemized disbursements for the year 2003, and $2,341.78 in unitemized disbursements for the year 2004. Complainant has not provided sufficient information to support its allegation on this point. Our review did not reveal that the collective total of $5,748.33 ($3,406.55 + $2,341.78) was required to be itemized.

For the reasons herein, we recommend that the Commission find no reason to believe that the Massachusetts Republican State Congressional Committee and Brent Andersen, in his official capacity as treasurer, violated any provision of the Act, approve the appropriate letters and close the file.

### III. RECOMMENDATIONS

1. Find no reason to believe that Massachusetts Republican State Congressional Committee and Brent Andersen, in his official capacity as treasurer, violated the Act;

2. Approve the appropriate letters; and

3. Close the file.

Lawrence H. Norton
General Counsel

Rhonda J. Vosdingh
Associate General Counsel
  for Enforcement

Lawrence L. Calvert, Jr.
Deputy Associate General Counsel
  for Enforcement

2/7/06
Date

BY: Sidney A. Rocke
Assistant General Counsel

5

MUR 5613
First General Counsel's Report
Page 6 of 6

_____
Kimberly D. Hart
Attorney

## Attachments

1. FEC contribution records for Thomas Tierney (2004)
2. Amended Statement of Organization for Massachusetts Republican State Congressional Committee (2003)
3. 2003 Amended Year-End Report Summary and Detailed Summary Pages for Massachusetts Republican State Congressional Committee
4. 2004 Amended Year-End Report Summary and Detailed Summary Pages for Massachusetts Republican State Congressional Committee

BEFORE THE FEDERAL ELECTION COMMISSION

In the Matter of )
)
Massachusetts Republican State ) MUR 5613
Congressional Committee and Brent )
Andersen, in his official capacity as )
treasurer )

## CERTIFICATION

I, Mary W. Dove, Secretary of the Federal Election Commission, do hereby certify that on February 10, 2006, the Commission decided by a vote of 6-0 to take the following actions in MUR 5613:

1. Find no reason to believe that Massachusetts Republican State Congressional Committee and Brent Andersen, in his official capacity as treasurer, violated the Act.

2. Approve the appropriate letters, as recommended in the General Counsel's Report dated February 7, 2006.

3. Close the file.

Commissioners Lenhard, Mason, Toner, von Spakovsky, Walther, and Weintraub voted affirmatively for the decision.

Attest:

February 10, 2006
Date

Mary W. Dove
Secretary of the Commission