UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS P. TIERNEY,<br>　　　　Plaintiff<br><br>v.<br><br>FEDERAL ELECTION COMMISSION<br>*and*<br>THE MASSACHUSETTS REPUBLICAN<br>STATE CONGRESSIONAL COMMITTEE,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>) 1:06CV00663<br>)<br>)<br>)<br>)<br>)<br>) |

## MASSACHUSETTS REPUBLICAN STATE CONGRESSIONAL COMMITTEE'S MOTION TO DISMISS

Defendant Massachusetts Republican State Congressional Committee ("Committee") respectfully moves this Court for entry of an order dismissing the plaintiff's Complaint against it for failure to state a claim upon which relief can be granted, pursuant to Federal Rule 12(b)(6). A memorandum in support of the Committee's motion and a proposed Order are filed herewith.

WHEREFORE, the Committee respectfully requests that this Court enter an order dismissing the case against the Committee with prejudice.

Respectfully submitted,

_____/s/_____
BENJAMIN L. GINSBERG, D.C. Bar # 370658
MITCHELL R. BERGER, D.C. Bar # 385467
PATTON BOGGS LLP
2550 M Street NW
Washington DC 20037
Tel: 202.457.6000
*Attorneys for the Massachusetts Republican State Congressional Committee*

4828323

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS P. TIERNEY,<br>   Plaintiff<br><br>v.<br><br>FEDERAL ELECTION COMMISSION<br>*and*<br>THE MASSACHUSETTS REPUBLICAN<br>STATE CONGRESSIONAL COMMITTEE,<br>   Defendants. | Civil Action No.<br>1:06CV00663 |

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MASSACHUSETTS REPUBLICAN STATE CONGRESSIONAL COMMITTEE'S MOTION TO DISMISS

Because plaintiff Thomas P. Tierney has failed to state a claim upon which relief may be granted, the Massachusetts Republican State Congressional Committee ("Committee")[1] respectfully requests that the Court dismiss the case against the Committee.

### INTRODUCTION

On October 25, 2004, Mr. Tierney filed an administrative complaint with the Federal Election Commission ("Commission") pursuant to 2 U.S.C. § 437g(a)(1), in which he alleged with no statutory basis that (1) from January 2003 to October 2004, the Committee's disbursements were so low that the Committee committed "malfeasance"; (2) certain disbursements were made without proper documentation; and (3) Committee expenditures were improperly diverted from federal campaign activity to state and local campaign activity. On February 10, 2006, the Commission found no reason to believe that the Committee had

---

[1] Although the caption names the "Massachusetts Republican State Congressional Committee" as a defendant, the Committee refers to itself as the Massachusetts Republican Party.

violated the Federal Election Campaign Act of 1971, as amended ("the Act"). *See* Complaint, Attachment A. Following the Commission's decision, Mr. Tierney filed suit in this Court.

## ARGUMENT

This Court must dismiss a claim pursuant to Rule 12(b)(6) where, as here, the defendant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Massey v. District of Columbia,* 437 F. Supp.2d 13, 16 (D.D.C. 2006) (internal quotations omitted). The Court may not accept either "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," or "legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (internal citations omitted). Although the Court "gives pro se parties the benefit of the doubt and may ignore some technical shortcomings of their filings," *Voinche v. FBI,* 412 F. Supp.2d 60, 70 (D.D.C. 2006), the flaws in Mr. Tierney's Complaint are more than merely technical: he has no right of action against the Committee, and he fails to allege an actual violation of federal law. For these reasons his case against the Committee should be dismissed immediately.

**I.    Federal Law Does Not Provide Mr. Tierney with a Right of Action Against the Committee.**

Mr. Tierney presumably bases his claim on 2 U.S.C. § 437g(a)(8), which provides:

> Any party aggrieved by an order of the Commission dismissing a complaint filed by such party . . . or by a failure of the Commission to act on such complaint during the 120-day period beginning on the date the complaint is filed, may file a petition with the United States District Court for the District of Columbia . . . [i]n any proceeding under this paragraph the court may declare that the dismissal of the complaint or the failure to act is contrary to law, and may direct the Commission to conform with such declaration within 30 days, failing which the complainant may bring, in the name of such complainant, a civil action to remedy the violation involved in the original complaint.

2

2 U.S.C. § 437g(a)(8)(A) & (C) (emphasis added).  While this statute clearly grants Mr. Tierney the right to bring an action against the Commission based on the Commission's resolution of his complaint, the statute does not permit this Court to adjudicate a civil suit against the Committee at this stage.  Indeed, Mr. Tierney's relief is limited to a declaration that the Commission's "dismissal of the complaint or the failure to act is contrary to law" and an order that the Commission must "conform with such declaration within 30 days."  *Id.*  No other federal statute provides Mr. Tierney with even the potential to bring an action against the Committee at this time, and his case against the Committee should be dismissed for this reason alone.

II.     **Mr. Tierney Does Not Allege an Actual Violation of Federal Law.**

Even assuming Mr. Tierney could properly bring suit against the Committee on the present record, his claims do not state any violation of federal law by the Committee.  Instead, Mr. Tierney directs his allegations against the Commission, asserting that the Commission's general counsel report, which is attached to his Complaint, makes "false factual findings," "misappl[ies]" the law, and "fail[s] to consider certain evidence."  Complaint at 2.  He requests that the Court "process [the] complaint de novo."  *Id.*

In his original complaint before the Commission, Mr. Tierney contended that (1) from January 2003 to October 2004, the Committee's disbursements were so low that the Committee committed "malfeasance"; (2) certain disbursements were made without proper documentation; and (3) Committee expenditures were improperly diverted from federal campaign activity to state and local campaign activity.  Each of these assertions fails to state a legally sufficient claim.

3

> A.  **The Committee is Not Obligated to Disburse Funds, or to Contribute Funds Exclusively to Federal Candidates.**

Even assuming the truth of Mr. Tierney's factual allegations for purposes of this motion, federal political committees such as the Committee are under no obligation to disburse funds or distribute their funds to federal candidates. Rather, the "federal" in the term "federal funds" simply means that the funds have been *raised and reported* in compliance with federal law, not that they have been spent in support of federal candidates. *See* 11 C.F.R. § 300.2(g). Thus, Mr. Tierney's first claim is legally insufficient.

> B.  **Mr. Tierney Fails to Adequately Support His Theory that Committee Expenditures Were Made Without Proper Documentation.**

As Mr. Tierney is aware, political committees are required to itemize disbursements only if they exceeds $200 per calendar year per recipient. *See* 2 U.S.C. § 434(b)(5); 11 C.F.R. § 104.3(b)(3)(i). Mr. Tierney offers no ascertainable factual basis for claiming that the Committee did not fulfill its reporting requirements under federal law, and he cannot support a complaint simply with speculation. *Kowal*, 16 F.3d at 1276 (allegations insufficient when "unsupported by the facts set out in the complaint"). Accordingly, his second claim is legally insufficient.

> C.  **Committee Funds May be Spent on State and Local Campaign Activity.**

As noted above, even assuming the truth of Mr. Tierney's factual allegations for purposes of this motion, federal law does not prohibit the Committee from contributing federally-raised funds to state and local candidates. Even indulging all possible inferences in favor of Mr. Tierney, there is no federal law proscribing the Committee's alleged activities. Thus, Mr. Tierney's third claim is legally insufficient.

## CONCLUSION

For the aforementioned reasons, the Committee respectfully requests that the case against it be dismissed with prejudice.

Respectfully submitted,

_____/s/_____
BENJAMIN L. GINSBERG, D.C. Bar # 370658
MITCHELL R. BERGER, D.C. Bar # 385467
PATTON BOGGS LLP
2550 M Street NW
Washington DC 20037
Tel: 202.457.6000
*Attorneys for the Massachusetts Republican State Congressional Committee*

4828323

<u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on the 12th day of September, 2006, a copy of the foregoing motion was served by overnight mail addressed to pro se litigant Thomas P. Tierney at the following address:

Thomas P. Tierney
7 Lomas Drive
Framingham, MA  01701-3950


_____/s/_____
MITCHELL R. BERGER

4828323