UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS P. TIERNEY,<br>　　　　Plaintiff<br><br>v.<br><br>FEDERAL ELECTION COMMISSION<br>*and*<br>THE MASSACHUSETTS REPUBLICAN<br>STATE CONGRESSIONAL COMMITTEE,<br>　　　　Defendants. | Civil Action No.<br>1:06CV00663 (JDB) |

**REPLY BRIEF IN FURTHER SUPPORT
OF DEFENDANT MASSACHUSETTS REPUBLICAN
STATE CONGRESSIONAL COMMITTEE'S MOTION TO DISMISS**

In his February 5, 2007 supplemental opposition to Defendant Massachusetts Republican State Congressional Committee's ("Committee") motion to dismiss, Plaintiff Thomas P. Tierney "withdraws his opposition" and concedes the motion, apparently based upon his understanding "that he doesn't have standing to sue the Mass. Committee in the DC Federal District Court." Pl. Supp. Opp. at 2. Nevertheless, Plaintiff makes the novel request that the resulting dismissal be "without prejudice." *Id.* at 3. That new request, raised for the first time in Plaintiff's recent supplemental opposition, necessitates this brief reply from the Committee.

Because the Federal Election Campaign Act of 1971, as amended ("FECA" or the "Act") clearly provides that Plaintiff can <u>never</u> sustain a private right of action against the Committee for the FECA violations alleged, the deficiencies of Plaintiff's Complaint are incurable and amendment, as presupposed by a dismissal without prejudice, would therefore be futile. Accordingly, the Committee respectfully requests that the Court

dismiss Plaintiff's claims against it with prejudice or, in the alternative, dismiss those claims for lack of subject matter jurisdiction.

## ARGUMENT

In FECA, Congress granted the Federal Election Commission "exclusive jurisdiction with respect to the civil enforcement of [the Act]." 2 U.S.C. § 437c(b)(1). As a result, "there is no private right of action to enforce the FECA against an alleged violator." *Perot v. Federal Election Commission*, 97 F.3d 553, 558 n. 2 (D.C.Cir.1996), *cert. denied*, 520 U.S. 1210, 117 S.Ct. 1692, 137 L.Ed.2d 819 (1997); *see also In re Federal Election Campaign Act Litigation*, 474 F.Supp. 1051, 1053 (D.D.C.1979) (holding that private citizens are not permitted to participate in the enforcement of federal election laws through "direct suits against alleged violators" of the Act). Therefore, the deficiencies in Plaintiff's Complaint are incurable in that he can <u>never</u> state a claim upon which relief can be granted for these particular claims against the Committee, and his attempt to reserve the right to re-file them in this or any other Court by requesting dismissal without prejudice is futile. Dismissal with prejudice is warranted and appropriate here.

Moreover, the U.S. Court of Appeals for the District of Columbia Circuit has held that district courts lack subject matter jurisdiction to adjudicate claims for enforcement of FECA other than a suit <u>against the Commission</u> pursuant to section 437g(a)(8), holding:

> We agree with the district court that it lacked jurisdiction to adjudicate the validity of the complaints filed with the FEC ... Accordingly, we affirm the district court's dismissal of these claims on jurisdictional grounds. Congress could not have spoken more plainly in limiting the jurisdiction of federal courts to adjudicate claims under the FECA. The statute explicitly states that "[e]xcept as provided in section 437g(a)(8) of this title, the power of the [FEC] to initiate civil actions under subsection

4848115

2

(a)(6) shall be the exclusive civil remedy for enforcement of the provisions of this Act."

*Perot*, 97 F.3d at 557-58 (brackets in original) (quoting 2 U.S.C. § 437d(e)); *see also In re FECA Lit.*, 474 F.Supp. at 1053 (holding that "this Court is clearly without subject matter jurisdiction to entertain Mr. Walther's attempt at the direct enforcement of the federal election laws."). Because FECA section 437g(a)(8) permits Plaintiff to bring his claims against the Commission only, this Court alternatively should dismiss the claims against the Committee for lack of subject matter jurisdiction.[1]

### CONCLUSION

For the aforementioned reasons, and for the reasons set forth in the Committee's initial memorandum in support of its motion to dismiss, the Committee respectfully requests that Plaintiff's claims against it be dismissed with prejudice for failure to state a claim or, in the alternative, dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

_____
Benjamin L. Ginsberg (D.C. Bar #370658)
Mitchell R. Berger (D.C. Bar #385467)
Benjamin D. Wood (D.C. Bar #478799)
PATTON BOGGS LLP
2550 M Street NW
Washington DC 20037
Telephone: 202.457.6000
Facsimile: 202.457.6315

*Attorneys for the Defendant Massachusetts Republican State Congressional Committee*

---

[1] To the extent Plaintiff Tierney's withdrawal of opposition to the Committee's motion to dismiss may be interpreted as a request for voluntary dismissal under Rule 41(a), such request should be denied because when, as here, the Court lacks subject matter jurisdiction, "'dismissal is mandatory and not dependent upon the motion of a party. A dismissal for want of subject matter jurisdiction may not be deemed" a voluntary dismissal under Rule 41(a). *In re FECA Lit.*, 474 F.Supp. at 1052-53.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 7th day of February, 2007, a copy of the foregoing Reply Brief in Further Support of Defendant Massachusetts Republican State Congressional Committee's Motion to Dismiss was served by first-class U.S. mail, postage prepaid, to *pro se* litigant Thomas P. Tierney at the following address:

Thomas P. Tierney
7 Lomas Drive
Framingham, MA 01701-3950

Benjamin D. Wood