IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS P. TIERNEY,                    )
                                      )
                                      )    Case No. 1:06CV00663 (JDB)
          Plaintiff,                  )
                                      )
     v.                               )
                                      )
FEDERAL ELECTION COMMISSION,          )
                                      )
          Defendant.                  )

**DEFENDANT FEDERAL ELECTION COMMSSION'S
STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO GENIUNE ISSUE**

Pursuant to Federal Rule of Civil Procedure 56(c) and LCvR 7(h) of the local

rules of the United States District Court for the District of Columbia, defendant Federal

Election Commission submits its Statement of Material Facts as to Which There is No

Genuine Dispute in support of its Motion for Summary Judgment. The Commission also

attaches herewith the documents referred to in its Statement. [1]

1. On October 25, 2004, Thomas P. Tierney, a Republican candidate for the United

   States House of Representatives for the 5th District of Massachusetts in the 2004

   general elections, filed an administrative complaint with the Commission that was

   designated as Matter Under Review ("MUR") 5613. FEC Ex. 1. In his

   complaint, Mr. Tierney alleged that the Massachusetts Republican State

   Congressional Committee ("the Party") failed to appropriately spend the federal

---

[1]    Some of the documents relied upon in this Statement were also attached as
exhibits to plaintiff Tierney's Amended Complaint.

funds it had to support Republican candidates running for federal office in Massachusetts as allegedly required by the FECA ("the Act").

2. On November 29, 2004, the Party filed a response with the Commission that explained that there are numerous permissible uses for federal funds and denied violating the Act. The Party asserted that nothing in the Act required it to support Mr. Tierney's campaign financially. FEC Ex. 2.

3. On February 7, 2006 the General Counsel sent the First General Counsel's Report to the Commission. The General Counsel advised the Commission that the Act does not restrict the use of federal funds by a state political party, nor does it prevent the Party from spending its federal funds on state, local and municipal elections as Mr. Tierney alleges the Party improperly did. FEC Ex. 3.

4. The General Counsel recommended that the Commission find no reason to believe that the Party violated the Act and close the file. On February 10, 2006 the Commission voted unanimously to adopt this recommendation. FEC Ex. 4

5. Mr. Tierney was notified of the Commission's decision to dismiss his complaint by letter dated February 22, 2006. FEC Ex. 5.

6. Tierney did not file a Statement of Candidacy with the Commission indicating that he was a federal candidate in 2006, and he has not filed such a notice for the 2008 election either. See FEC Ex. 6.

7.  Tierney filed with this Court a petition seeking review of the Commission's

dismissal of his administrative complaint on April 10, 2006.

Respectfully submitted,

/s/ Thomasenia P. Duncan
Thomasenia P. Duncan
General Counsel

/s/ David Kolker
David Kolker
Acting Associate General Counsel
(D.C. Bar # 394558)

/s/ Benjamin A. Streeter III
Benjamin A. Streeter III
Attorney

June 26, 2007                          FOR THE DEFENDANT
                                       FEDERAL ELECTION COMMISSION
                                       999 E Street, N.W.
                                       Washington, D.C. 20463
                                       (202) 694-1650

Thomas P. Tierney
7 Lomas Drive
Framingham, MA 01701-3950

Tel.  (508)877-3700 [weekdays]
      (508)877-7640 [eves./wknds.]
      (508)877-7578 [facsimile]

E-mail:  Tptactuary@aol.com

October 25, 2004

Office of General Counsel
Federal Election Commission
999 E Street, N.W.
Washington, DC 20463

MUR # 5613

RE:  Massachusetts Republican State Congressional Committee
     Federal Election Commission ["FEC"] Identification No. C00042622

Ladies and Gentlemen:

In Accordance with the FEC publication entitled "Filing a Complaint" [published in July 1998 and accessible at http://www.fec.gov/pages/brochures/complain.shtml] and in the spirit of Edmund Burke's observation that "The only thing necessary for the triumph of evil is for good men to do nothing.", I hereby complain to the FEC about the operation of the referenced entity ["the Committee"].

## SUMMARY

I assert that the Committee has violated Federal Election Campaign Statutes and related FEC Regulations by: (i) failing to disburse funds therefrom in an appropriate amount for legitimate electioneering in connection with the forthcoming election on November 2, 2004 of ten Representatives in Congress from the State of Massachusetts; and (ii) diverting funds therefrom for activities related to the promotion, in the noted election, of various candidates for non-Federal public office in Massachusetts.

## BACKGROUND

Massachusetts is unique among the fifty states in our Union in that it alone has no member of Congress [Senator or Representative] that is a member of the Republican Party. This vacuum has allowed the Committee to amass unusual financial strength. To wit, the financial disclosures made to the FEC covering the 1/1/2003-10/13/2004 inclusive time-period indicate that the Committee had received $3,674,722.16 in Federal contributions during this interval.

These received monies are, in effect, trust-fund assets that belong, in a beneficial sense, to the voters of Massachusetts and that are supposed to be used by various interested parties, including especially the principal campaign committees of U.S. Congressional candidates, to inform [primarily through private media and postal communications] these voters about Federal electioneering in Massachusetts.

Office of the FEC General Counsel
October 25, 2004
Page 2

## THE PROBLEM

The problem is that these monies have not been so expended. More specifically:

* The noted financial disclosures indicate that only $590.00 of the $3,674,722.16 was distributed during the 1/1/2003-10/13/2004 inclusive time-period as "Contributions to Fed. Candidates/Committees and other Political Committees". This distribution ratio is so low that it constitutes prima facie evidence of Committee malfeasance.

* The noted financial disclosures indicate that $878,674.52 of the $3,674,722.16 was distributed without proper documentation during the 1/1/2003-10/13/2004 inclusive time-period [see lines 21-31 on Page 2 of the related FEC Form 3X filings]. These unaccounted disbursements must be identified and the character of same must be validated in order to protect the noted voters on behalf of whom such expenditures were supposedly made.

* The noted financial disclosures indicate that all other Committee expenditures [except for the noted $590.00] were either spent on Federal fund-raising, transferred to "Affiliated/Other Party Committees" or used to pay for the employee salaries and other expenditures of a non-Federal entity called the Massachusetts Republican State Committee ["the MRSC"]. The MRSC expenditures were made pursuant to a non-specified allocation process which resulted in approximately $3 Million of Federal funds being diverted from proper Federal campaign activity to improper Massachusetts State, County and possibly Municipal campaign activity. A precision accounting of the diversion is not possible because of the missing disclosure and allocation documentation but such is required in order to secure the noted voter protection.

## CONCLUSION

Please resolve the noted problems and then take action as needed to hereafter protect American voters by establishing guidelines for the proper campaign expenditure and expense allocation activity of Federal political committees.

Note, for your information, that the undersigned is a ballot-certified candidate for the office of Representative in U.S. Congress, but that this filing is being done by myself as an individual and independent of my candidacy for a seat in the U.S. House of Representatives.

Subscribed and sworn to before me on this 10th day of November, 2004.

Very truly yours,

_Thomas P. Tierney_

THOMAS P. TIERNEY

_Thomas P. Tierney_ personally appeared
before me, and proved his/her identification through satisfactory
evidence, which were _MA License_ and
acknowledged he/she signed the foregoing instrument voluntarily
for its stated purpose on this _10_ day of _Nov_, _2004_
Notary Signature _Michelle Antone_

Michelle Antonio
Notary Public
My Commission Expires
May 1, 2009

225 Friend Street
Boston, MA 02114-1812

**Bodoff & Slavitt** LLP
*ATTORNEYS AT LAW*

617.742.7300
617.742.9969 *fax*
www.bodoffslavitt.com

November 29, 2004

Jeff. S. Jordan
Supervisory Attorney
Federal Election Commission
999 E Street, NW
Washington, D.C. 20463

Re:    MUR 5613
"Massachusetts Republican State Congressional Committee"

Dear Mr. Jordan:

I am the General Counsel of the Massachusetts Republican State Committee (the "Committee"), also known as the Massachusetts Republican Party. I am responding to the letter dated November 19, 2004, received by the Committee on November 22, 2004. Pursuant to the discussions with Ms. Stevenson, we have already forwarded the Designation of Counsel.

There are several reasons that no action should be taken.

First, there is no such thing as the Massachusetts Republican State Congressional Committee. Apparently, the complainant does not understand the functioning of the fundraising of the State Committee. As funds are raised by the Committee, they are allocated by regulatory requirement between the federal account and the state account. The Committee has essentially no discretion on the allocation of those funds. Thus, for fundraising purposes, the Committee exists on a state and a federal level. Once the allocation is made, the expenditures from the state account are regulated by the Commonwealth of Massachusetts; the expenditures from the federal account are regulated by the Federal Election Commission.

As a result, the nominal respondent of your letter simply does not exist. This is a deeper problem that that of nomenclature. The fundamental premise of the complainant is that there is a specialized fund for candidates for the United States Congress. In fact, such a specialized fund does not exist. Once that is understood, his assertion that the federal account is a "trust fund" for congressional candidates is seen to be entirely incorrect. Instead, it is merely a general federal account that can be used for any or all of the proper purposes of federal funds.



Second, the complainant has not identified any purposes for which the funds were used improperly. There are a broad variety of permissible uses for federal funds including party-building activities, get-out-the-vote, and an allocable share of administrative costs. Nothing in the complaint even suggests that the expenditures are improper. Instead, the complainant seems to assume that the Committee has some obligation to expend funds for the purposes he supports – principally, his own candidacy. In fact, there is nothing in the statute or the implementing regulations that imposes such an obligation. Indeed, it is questionable whether the Constitution would permit the imposition of any affirmative obligation to use funds for a particular candidate or purpose.

Finally, the assertion that the documentation is inadequate is simply incorrect. In fact, the documentation is entirely consistent with the federal standards as several FEC audits have demonstrated.

In sum, the complaint has not demonstrated a basis for any further FEC action. Please contact the undersigned if you have any further questions.

Sincerely yours,

Evan Slavitt

Cc:    Darrel Crate
       Tim O'Brien
       Brent Anderson

FEB  7 2006



**FEDERAL ELECTION COMMISSION** ⌐ ⌐ ⌐ ⌐ ⌐ ⌐ : i q
**999 E Street N.W.**
**Washington, D.C. 20463**

**SENSITIVE**

### FIRST GENERAL COUNSEL'S REPORT

MUR 5613
Date Complaint Filed:  November 12, 2004
Date of Notification:    November 19, 2004
Last Response Received: December 6, 2004
Date Activated:           November 7, 2005

Expiration of SOL:      1/08-12/09

**COMPLAINANT:**              Thomas P. Tierney

**RESPONDENT:**               Massachusetts Republican State
                              Congressional Committee and
                              Brent Andersen, in his official capacity
                              as treasurer

**RELEVANT STATUTES**
**AND REGULATIONS:**          2 U.S.C. § 434(b)(5)
                              11 C.F.R. § 100.24(b)
                              11 C.F.R. § 102.5
                              11 C.F.R. § 102.6(a)(1)
                              11 C.F.R. § 104.3(b)(3)(i)(A)
                              11 C.F.R. § 106.7
                              11 C.F.R. § 300.31

**INTERNAL REPORTS CHECKED:**    Disclosure Reports

**FEDERAL AGENCIES CHECKED:**    None

## I.     INTRODUCTION

The Complainant was the Republican nominee for the U.S. Representative from

the 5th District of Massachusetts in the 2004 general election.  Evidently unhappy with

the lack of any direct financial support for his campaign by the Respondent, which is the

state committee of the Republican Party of Massachusetts, he filed this Complaint.  He

alleges, in essence, that the Respondent's failure to make direct campaign contributions

26044131936

to his campaign or other Federal candidates' campaigns, and its alleged diversion of more

than $3 million to non-federal purposes, violated the Federal Election Campaign Act of

1971, as amended ("Act"). He also appears to allege that more than $800,000 of

Respondent's disbursements were not itemized, but should have been. The former

contentions have no merit as a matter of law, and the latter appears to have no merit as a

matter of fact. Therefore, we recommend that the Commission find no reason to believe

that Respondent or its treasurer violated any provision of the Act, and close the file.

## II.    FACTUAL AND LEGAL ANALYSIS

The Massachusetts Republican State Congressional Committee's ("Committee")

2003 Amended Year-End report indicates that the Committee had total receipts that year

of $1,591,781.27 and total disbursements of $1,189,530.60, of which all were in the

category of "Federal Disbursements." Attachment 3. The Committee's 2004 Amended

Year-End disclosure report indicates that the Committee had total receipts of

$2,383,962.32 and total disbursements of $2,771,759.54, of which all were in the

category of "Federal Disbursements." Attachment 4. Out of the total disbursements of

more than $3.6 million in the 2003-2004 election cycle, the Committee reported making

only one contribution to a Federal candidate in the entire cycle. That in-kind

contribution, in the amount of $385.00 was made to Stephen O'Malley, Jr., a Republican

Congressional candidate in the 6th District of Massachusetts on January 22, 2004.

Attachment 1.

Complainant alleges that the Federal contributions received by the Committee are

"trust-fund assets that belong, in a beneficial sense to the voters of Massachusetts and

that are supposed to be used by various interested parties ... to inform these voters about

2

Federal electioneering in Massachusetts." Complainant further asserts that the
Committee's contribution of such a tiny proportion of its total disbursements to Federal
candidates/committees and other political committees during the 2003-2004 election
cycle is, under his "trust fund" theory, prima facie evidence of its violation of the Act.
Instead of spending the money for Federal purposes as it was required to, he alleges that
the Committee improperly diverted $3,000,000 intended for use in Federal campaigns to
use in state, local and municipal campaign activity.

The response first disputes the Committee's actual name and states "there is no
such entity as the Massachusetts Republican State Congressional Committee."[1]  Further,
the response asserts that the Committee exists on a state and federal level for fundraising
purposes and allocations of funds are either regulated by the Commonwealth of
Massachusetts or the Federal Election Commission; the Complainant is mistaken in his
premise that there is a specialized "trust fund" for candidates for the United States
Congress when in fact it is a general federal account that can be used for any or all of the
proper purposes of federal funds; and the Complainant has not identified any purposes for
which the funds were improperly used.

There are no provisions of the Act or regulations that support the Complainant's
"trust fund" theory.  The Act does not require a state party committee to support a
specific candidate's campaign efforts with its receipts.  Indeed, while the Act places

---

[1]     The Committee has been registered with the Commission as a state party committee since
January 16, 1976.  Over the years, the Committee has referred to itself in various ways such as the
Massachusetts Republican Party and the Massachusetts Republican State Party in some of its disclosure
reports.  However, the FEC identification number, C00042622, is consistently the same on all of the
Committee's reports.  The Committee filed its most recent amended Statement of Organization in 2003
referring to itself as the "Massachusetts Republican State Congressional Committee."  Attachment 2.  It
appears that, while the Committee has referred to itself in various ways over the years, its official name is
the "Massachusetts Republican State Congressional Committee."

3

considerable restrictions on the spending of money from a state party committee's Levin
and non-Federal accounts, see generally 2 U.S.C. §§ 441a(b) and (c), it places no
restrictions whatsoever, on the purposes for which a state party committee's Federal
funds, placed in its Federal account, may be spent – and it is the latter that is at issue here.
The "Federal" in the term "Federal funds" means that the funds have been raised and
reported in compliance with the limitations, prohibitions and reporting requirements of
the Act, see 11 C.F.R. § 300.2(g), not that the funds must be spent in support of Federal
candidates.

Lastly, Complainant asserts that "the noted financial disclosures indicate that
$878,674.52 of the $3,674,722.16 was distributed without proper documentation during
the 1/1/03-10/13/04 inclusive time period [see lines 21-31 on Page 2 of the related FEC
Form 3X filings]". Complainant does not explain the way in which he arrived at this
figure, and it is not exactly clear what he means. Giving the complaint a very liberal
reading, we assume that Complainant is alleging that the Committee failed to properly
itemize $878,000 in disbursements that should have been itemized in violation of
2 U.S.C. § 434. State party committees are only required to itemize disbursements if a
disbursement exceeds $200 in a given calendar year for a person. *See* 2 U.S.C.
§ 434(b)(5); 11 C.F.R. §§ 100.10, 104.3(b)(3)(i). In addition, state party committees are
required to state a purpose for each itemized disbursement. 11 C.F.R.
§ 104.3(b)(3)(i)(A). We have reviewed the Committee's reports for the years 2003-2004
to ascertain the difference between the total disbursements made by the Committee
versus the total itemized disbursements.

4

MUR 5613
First General Counsel's Report
Page 5 of 6

In total, the Committee had $3,406.55 in unitemized disbursements for the year

2003, and $2,341.78 in unitemized disbursements for the year 2004. Complainant has

not provided sufficient information to support its allegation on this point. Our review did

not reveal that the collective total of $5,748.33 ($3,406.55 + $2,341.78) was required to

be itemized.

For the reasons herein, we recommend that the Commission find no reason to

believe that the Massachusetts Republican State Congressional Committee and Brent

Andersen, in his official capacity as treasurer, violated any provision of the Act, approve

the appropriate letters and close the file.

## III.    RECOMMENDATIONS

1.    Find no reason to believe that Massachusetts Republican State
Congressional Committee and Brent Andersen, in his official capacity
as treasurer, violated the Act;

2.    Approve the appropriate letters; and

3.    Close the file.

Lawrence H. Norton
General Counsel

Rhonda J. Vosdingh
Associate General Counsel
    for Enforcement

Lawrence L. Calvert, Jr.
Deputy Associate General Counsel
    for Enforcement

_2/7/06_
Date

BY:  _____
Sidney A. Rocke
Assistant General Counsel

5

MUR 5613
First General Counsel's Report
Page 6 of 6

Kimberly D. Hart
Attorney

Attachments

1. FEC contribution records for Thomas Tierney (2004)
2. Amended Statement of Organization for Massachusetts
   Republican State Congressional Committee (2003)
3. 2003 Amended Year-End Report Summary and Detailed Summary
   Pages for Massachusetts Republican State Congressional Committee
4. 2004 Amended Year-End Report Summary and Detailed Summary
   Pages for Massachusetts Republican State Congressional Committee

26044131941

6

BEFORE THE FEDERAL ELECTION COMMISSION

In the Matter of                                        )
                                                        )
Massachusetts Republican State                          )    MUR 5613
Congressional Committee and Brent                       )
Andersen, in his official capacity as                   )
treasurer                                               )

## CERTIFICATION

I, Mary W. Dove, Secretary of the Federal Election Commission, do hereby

certify that on February 10, 2006, the Commission decided by a vote of 6-0 to take

the following actions in MUR 5613:

1.    Find no reason to believe that Massachusetts Republican State
      Congressional Committee and Brent Andersen, in his official
      capacity as treasurer, violated the Act.

2.    Approve the appropriate letters, as recommended in the General
      Counsel's Report dated February 7, 2006.

3.    Close the file.

Commissioners Lenhard, Mason, Toner, von Spakovsky, Walther, and

Weintraub voted affirmatively for the decision.

Attest:

February 10, 2006
Date

Mary W. Dove
Secretary of the Commission

FEC Ex. 4



FEDERAL ELECTION COMMISSION
WASHINGTON, D.C. 20463

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

FEB 2 2 2006

Thomas P. Tierney
7 Lomas Drive
Framingham, MA 01701-3950

RE:    MUR 5613

Dear Mr. Tierney:

On February 10, 2006, the Federal Election Commission reviewed the allegations in your complaint dated November 12, 2004, and found that on the basis of the information provided in your complaint and information provided by the Massachusetts Republican State Congressional Committee and Brent Andersen, in his official capacity as treasurer ("Respondent"), there is no reason to believe that the Respondent violated the Act. Accordingly, on February 10, 2004, the Commission closed the file in this matter.

Documents related to the case will be placed on the public record within 30 days. *See* Statement of Policy Regarding Disclosure of Closed Enforcement and Related Files, 68 Fed. Reg. 70,426 (Dec. 18, 2003). A copy of the dispositive General Counsel's Report is enclosed for your information.

The Federal Election Campaign Act of 1971, as amended, allows a complainant to seek judicial review of the Commission's dismissal of this action. See 2 U.S.C. § 437g(a)(8).

Sincerely,

Lawrence H. Norton
General Counsel

BY:    Lawrence L. Calvert, Jr.
Deputy Associate General Counsel
for Enforcement

Enclosure
General Counsel's Report



FEC Ex. 5

**Presented by the Federal Election Commission**

**TRY A:** NEW SEARCH      **RETURN TO: FEC HOME PAGE**

# TIERNEY, THOMAS P                    ID: H4MA05043

| | |
|---|---|
| **Office Sought:** | House |
| **Election Year:** | 2004 |
| **State:** | Massachusetts |
| **District:** | 05 |
| **Party:** | REP (Republican Party) |

**PRINCIPAL CAMPAIGN COMMITTEE:**
**TIERNEY FOR CONGRESS COMMITTEE**      **ID:** C00190637

**NOTE:**

**Candidate listings may appear here as a result of draft committees or independent expenditure committees**
**registering with the FEC. If no official documents of an authorized committee appear below, the individual identified here has taken no action to become a candidate.**

Click the Display Image column to quickly view a report page by page.
Click the Display PDF column to receive and view/print entire reports in PDF format.

| Year 2004 | | | | |
|---|---|---|---|---|
| **Document Filed** | **Amended** | **Filed On** | **Pages** | **Display Image or PDF** |
| STATEMENT OF CANDIDACY | | 07/15/2004 | 2 | 24038464572    PDF |
| **Year 2002** | | | | |
| **Document Filed** | **Amended** | **Filed On** | **Pages** | **Display Image or PDF** |
| STATEMENT OF CANDIDACY | | 06/19/2002 | 2 | 22037614556    PDF |
| **Year 2000** | | | | |
| **Document Filed** | **Amended** | **Filed On** | **Pages** | **Display Image or PDF** |
| STATEMENT OF CANDIDACY | | 08/04/2000 | 2 | 20035923333    PDF |

**TRY A:** NEW SEARCH   NEW ADVANCED SEARCH
**RETURN TO: FEC HOME PAGE**

FEC Ex. 6