IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THOMAS P. TIERNEY,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>    Defendant. | Case No. 1:06CV00663 (JDB)<br><br>OPPOSITION TO PLAINTIFF'S<br>MOTION FOR JUDGMENT<br>ON THE PLEADINGS |

**DEFENDANT FEDERAL ELECTION COMMISSION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

The Federal Election Commission ("Commission" or "FEC") opposes plaintiff's Motion for Judgment on the Pleadings because plaintiff has not demonstrated Article III standing and the Commission's dismissal of his administrative complaint was not contrary to law. Since in its opening brief the Commission addressed almost all of the arguments Tierney now raises, below we briefly emphasize those points that have not previously been refuted.

A motion under Fed. R. Civ. P. 12(c) will be granted only if it shows that "no material issue of fact remains to be solved, and that [movant] is clearly entitled to judgment as a matter of law." Haynesworth v. Miller, 820 F.2d 1249, 1254 (D.C. Cir. 1994). In considering such a motion, courts should "accept as true the factual allegations of the complaint," United Parcel Service, Inc. v. Int'l Brotherhood of Teamsters, 859 F. Supp. 590, 593 (D.D.C. 1994), but "a plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes" of the motion, Haynesworth, 820 F.2d at 1254. In this case, plaintiff's motion should be denied because he cannot prevail as a matter of law. The Commission's dismissal of Tierney's administrative complaint was not "contrary to law,"

2 U.S.C. § 437g(a)(8), because the Federal Election Campaign Act of 1971, as amended, 2 U.S.C. §§ 431-55 ("Act" or "FECA"), plainly does not require state political party committees to spend federal funds to support federal candidates.  See FEC's June 26, 2007 Memorandum in Support of Its Motion to Dismiss or, in the Alternative, for Summary Judgment ("FEC Mem.") at 10-13.

I. **PLAINTIFF HAS FAILED TO MEET HIS BURDEN TO DEMONSTRATE STANDING**

Tierney has failed to meet his burden to demonstrate standing under Article III of the Constitution.  As the Commission explained (FEC Mem. 6-10), Tierney has failed to show the present injury-in-fact needed to support the injunctive relief he seeks, failed to show that any alleged injury to him has been caused by the Commission or FECA, and failed to show that the relief he seeks could redress any alleged injury he may have suffered personally during the 2004 general election campaign.  Indeed, the three specific requests for relief that Tierney includes on the first page of his Motion for Judgment on the Pleadings do not even purport to redress any personal injury he might have suffered in 2004.

II. **THERE IS NO STATUTORY BASIS FOR TIERNEY'S CLAIM THAT STATE POLITICAL PARTY COMMITTEES MUST SPEND FUNDS ON FEDERAL CANDIDATES**

Tierney cannot show that the Commission's dismissal of his underlying administrative complaint was "contrary to law" under 2 U.S.C. § 437g(a)(8).  See FEC Mem. 10-13.  Tierney seeks to compel the Commission to (a) "generate a forensic accounting" of all money disbursements of the Massachusetts Republican State Congressional Committee ("MRSCC" or "the Party"); (b) "establish an operational standard" for the use of federal dollars expended by the MRSCC; and (c) require "restitution" of funds to the MRSCC in accord with this

2

"operational standard."[1] Tierney Motion at 1. However, plaintiff's request is premised upon a fundamental misunderstanding of the Act, which simply does not restrict how party committees may spend federal funds. See FEC Mem. 10-11. Tierney thus seeks to enforce a statutory obligation that does not exist and in effect asks this Court to engage in legislative activity beyond its powers. See id. at 12-13.

Tierney admits (Mem. 2-3) that the Act contains no express requirement that the MRSCC expend its federal dollars to support federal candidates like him, but he claims that the Commission should be compelled to create such a requirement out of whole cloth. Moreover, while Tierney now appears to accept the right of a state party committee to deny contributions to a single candidate, he suggests that the FECA cannot be read to permit a state party committee to fail to support all the federal candidates in that state. See id. As a result, plaintiff claims that the MRSCC's actions are contrary to "a restriction albeit an unwritten one," and he calls upon this Court to flesh out a "gap in the applicable statutes." Id. at 3. We have already explained (FEC Mem. 11-13) why Tierney's arguments are contrary to our nation's system of laws.

In support of his "gap-filling" argument, Tierney makes specious analogies. He asserts that the Commission's allocation regulation, 11 C.F.R. § 106.7(b), "fill[s] the gap" in the FECA's regulation of state party committee spending, and suggests that this regulation requires state parties to support federal candidates with federal funds. Tierney Mem. 3-4. As the Explanation & Justification for this regulation explains, "Section 106.7 sets forth rules governing the allocation of certain expenses between Federal and non-Federal accounts of political parties,"

---

[1] As we noted (FEC Mem. 5 n.3), the Commission reviewed the MRSCC's disclosure reports while considering Tierney's administrative complaint. The FEC found that the Party had itemized and disclosed all but $5,000 of the more than $3.6 million it spent in the relevant election cycle, and that there was no factual basis for a claim that the Party had violated the reporting provisions of the Act. Tierney fails to provide any evidence to the contrary or to argue that the Commission's conclusion on this issue was contrary to law.

67 Fed. Reg. 49,064, 49,077 (2002), but it only applies when parties voluntarily <u>choose</u> to spend funds in connection with both federal and non-federal elections.  The regulation does not <u>require</u> any state party committee to spend funds to support federal candidates.

Tierney next relies (Mem. 3) upon 2 U.S.C. § 439a, which specifies that federal candidates and office holders <u>may</u> transfer contributions and certain other donations to, <u>inter alia</u>, state party committees, but that they are prohibited from converting such funds to personal use.  However, as we explained (Mem. 12 n.7), section 439a's personal use restrictions on candidates are irrelevant to spending by political party committees.  Tierney suggests (Mem. 3) that the absence of such a provision regarding state party committees must mean that they are barred from making certain transfers, but that argument stands on its head the statutory construction principle *expressio unius est exclusio alterius*, that is, the "mention of one thing implies the exclusion of another thing."  <u>Ethyl Corp. v. EPA</u>, 51 F.3d 1053, 1061 (D.C. Cir. 1995); <u>Mount Royal Joint Venture, et al v. Kempthorne</u>, 477 F.3d 745, 755 (D.C. Cir. 2007); <u>Halverson v. Slater</u>, 129 F3d. 180, 185 (D.C. Cir. 1997).  While this principle is normally invoked to exclude alternatives not expressly authorized by statute, Tierney uses the principle to urge the adoption of new restrictions on state party committees not authorized by Congress.  There is no support for such an approach.

Finally, Tierney asks the Court to fill the "void" in the FECA "by examining the prescriptions of a comparable Federal law," the Exclusive Benefit Rule of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1103(c)(1).  Tierney Mem. 4.  Plaintiff appears to argue that since ERISA requires fund assets to be held for the exclusive benefit of employees, this Court should simply "assum[e] a similar intent" (<u>id.</u>) and require federal contributions to be used to benefit federal candidates.  There is no statutory authority or

4

precedent for any such ruling, however, which would involve this Court in an exercise of legislative power, something that we have shown to be beyond the authority of the courts.  See FEC Mem. 12-13.

## CONCLUSION

Plaintiff has failed to demonstrate standing and failed to show that the FECA requires state political party committees to spend funds to support federal candidates.  Therefore, plaintiff's motion for judgment on the pleadings should be denied.

Respectfully submitted,

/s/ Thomasenia P. Duncan
Thomasenia P. Duncan
General Counsel

/s/ David Kolker
David Kolker
Acting Associate General Counsel
(D.C. Bar # 394558)

/s/ Harry J. Summers
Harry J. Summers
Acting Assistant General Counsel

/s/ Benjamin A. Streeter III
Benjamin A. Streeter III
Attorney

July 24, 2007

FOR THE DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
(202) 694-1650

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS P. TIERNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06CV00663 (JDB) |
| ) | |
| FEDERAL ELECTION COMMISSION, ) | CERTIFICATE OF SERVICE |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I, Benjamin A. Streeter III, an attorney of record, hereby certify that I served the foregoing Federal Election Commission's Opposition to Plaintiff's Motion for Judgment on the Pleadings upon the following:

Plaintiff Thomas P. Tierney
7 Loma Drive
Framingham, MA 01701-3950

Service was made on the aforementioned party by depositing a copy of the same, first class postage prepaid, into the United States Mail this 24th day of July, 2007.

/s/ Benjamin A. Streeter III
Attorney
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
(202) 694-1650