UNITED STATES OF AMERICA
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Civil Action Number: 1:06CV00663-JDB

| | |
|---|---|
| THOMAS P. TIERNEY,<br>  Plaintiff<br><br>vs.<br><br>FEDERAL ELECTION COMMISSION,<br>  Defendant | PLAINTIFF'S OPPOSITION TO DEFENDANT FEDERAL ELECTION COMMISSION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT |

1. NOW COMES the Plaintiff Thomas P. Tierney ["Tierney"] and respectfully requests that this Honorable Court deny the Defendant Federal Election Commission's ["FEC"] Motion to Dismiss or, in the Alternative, for Summary Judgment.

Tierney believes the noted motion should be denied because the two arguments underlying same ["TIERNEY LACKS STANDING" and "THE COMMISSION'S DISMISSAL . . . WAS NOT 'CONTRARY TO LAW' "] lack merit.

2. The "TIERNEY LACKS STANDING" to sue argument, which is based primarily on the fact that "Tierney did not file a Statement of Candidacy with the Commission . . . in 2006 . . . and . . . for the 2008 election", misses the point.

The Congressional seat for the 5th Massachusetts District [which is the seat Tierney was a candidate for in 2004] became vacant on July 1, 2007. It is currently the only vacancy among the 435 seats in the U.S. House of Representatives; there will be a Primary election regarding this vacancy on September 4, 2007 and a General election to fill same on October 16, 2004.

RECEIVED
JUL 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Page 1 of 3

Tierney has completed all of the substantive requirements to have his name appear as a candidate on the September 4, 2007 Primary Ballot; he became a candidate for this seat pursuant to FEC protocols on Saturday July 21, 2007; and he intends to file the requisite "Statement of Candidacy" with the FEC on or before the required Sunday August 5, 2007 filing deadline.

Notwithstanding the not-yet-filed "Statement of Candidacy for the 2007 "Special" election, the FEC was verbally advised of Tierney's intentions to be a 2007 Congressional candidate on June 26, 2007 and he has communicated with them since that time regarding same.

Tierney apologizes to the Court because "he has provided the Court with no evidence that he intends to seek office in the future" prior to this filing. Tierney failed to so inform the Court because he was not aware of an obligation to do so prior to this filing.

3. "THE COMMISSION'S DISMISSAL . . . WAS NOT 'CONTRARY TO LAW' " arguments presented by the FEC are simply a re-hash of their prior verbiage that I have already responded to. This verbiage is summarized by the Defendant FEC's two assertions that:

(a) "the Party had not violated the Act for failing to make contributions to . . . Federal candidates, or choosing to spend . . . on non-federal . . . activity, was based on . . . the Act"; and

(b) "the Act places no restrictions . . . on how a . . . committee can spend its federal funds".

Tierney calls the Court's attention to his 6-25-2007 PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S 6-25-2007 MOTION FOR JUDGMENT ON THE PLEADINGS where these arguments are rebutted.

Tierney also calls the Court's attention to the Whitmore v. FEC dicta quoted by the FEC in their 6-26-2007 "Motion to Dismiss or, in the Alternative, for Summary Judgment" which reads:

"The . . . premise, that what the Act does not prohibit, it authorizes, is foreign to our libertarian tradition".

This language, contrary to the inference the FEC draws from it, actually buttresses Tierney's argument that the absence of a specific prohibition in the Act doesn't permit a committee to spend "all of its federal funds on non-federal activities". As Tierney stated in the noted 6-25-2007 PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S 6-25-2007 MOTION FOR JUDGMENT ON THE PLEADINGS - - - "There is still a restriction albeit an unwritten one. A gap in the applicable statutes, if one exists, just has to be fleshed out by the Courts, FEC regulations, donor intentions, public expectations and an examination of the patterns and practices of similar committees in other states."

4. Tierney respectfully requests that this Honorable Court fill the "gap in the" Act.

                    Respectfully filed

*And signed under the pains and penalties of perjury this twenty-third day of July 2007.*

                    *[signature]*
                    **Thomas P. Tierney, Plaintiff Pro Se**
                    **7 Lomas Drive**
                    **Framingham, MA 01701-3950**
                        508-877-3700(voice)
                        508-877-7578(FAX)
                    Tptactuary@aol.com

## CERTIFICATE OF SERVICE

The undersigned maker of the foregoing argument certifies that on the 23rd day of July 2007, a copy of this argument was served on Defendant Federal Election Commission by a United States Postal Service First Class Mailing to its counsel who are identified as follows:

        Colleen T. Sealander, Esq.
        Benjamin A. Streeter, III, Esq.
        FEDERAL ELECTION COMMISSION
        999 E Street, NW
        Washington, DC 20463

        Tel. 202-694-1650

*Signed under the pains and penalties of perjury this twenty-third day of July 2007.*

                                            Thomas P. Tierney, Plaintiff Pro Se
                                            7 Lomas Drive
                                            Framingham, MA 01701-3950
                                                508-877-3700(voice)
                                                508-877-7578(FAX)
                                            Tptactuary@aol.com