IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THOMAS P. TIERNEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>　　　　Defendant. | )<br>)<br>)　Case No. 1:06CV00663 (JDB)<br>)<br>)　REPLY<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT FEDERAL ELECTION COMMISSION'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to this Court's June 1, 2007 Order, the Federal Election Commission ("Commission" or "FEC") files this Reply in support of its Motion to Dismiss or for Summary Judgment in the alternative. Tierney filed this suit pursuant to 2 U.S.C. § 437g(a)(8) to challenge the Commission's dismissal of his administrative complaint. The Commission has already explained in detail why Tierney has failed to show standing and why the Commission's dismissal of his administrative complaint was justified in its memorandum of law filed in support of its Motion to Dismiss (Docket # 27) and its Opposition to Tierney's Motion for Judgment on the Pleadings (Docket # 29). Those arguments will not be repeated here.

Tierney makes only one new point in opposition to the Commission's dispositive motion: He argues that he has standing because of his intention to run in the September 4, 2007, special primary election for the 5th Massachusetts congressional seat.[1] Tierney apparently is attempting to argue that because he will again be a candidate, he is not relying solely upon his claim of past

---

[1]　Tierney filed the required Statement of Candidacy (FEC Form 2) with the Commission on August 3, 2007.

injury to meet the constitutional requirements for standing.  But Tierney does not explain how he will suffer any future alleged injury if he does not get the relief he seeks.  In particular, because he concedes that the Massachusetts Republican State Congressional Committee ("Party") is not required to spend any of its money to support his particular candidacy,[2] Tierney does not explain what future injury he may face.

For similar reasons, Tierney's planned candidacy in 2007 does not satisfy the traceability and redressability requirements for standing.  As we explained in our opening brief (FEC MTD at 7-8), the Party's decision not to spend federal dollars to support Tierney's 2004 candidacy means that the injury about which he complains was caused not by the Commission's dismissal, but by the independent action of this third party.  Thus, even if Tierney is speculating that the Party will not spend funds to support his candidacy again in the future, that possibility would not be caused by the Commission's dismissal of his administrative complaint, so Tierney cannot meet the traceability element for constitutional standing.  Likewise, granting the relief Tierney seeks because he will again be a candidate and remanding this case back to the Commission could not redress Tierney's concerns about how the Party may decide to spend its federal dollars in the upcoming election.  See FEC MTD at 8-9.

Tierney next (Opposition at ¶ 3) relies on his prior arguments to respond to the FEC's explanation that the underlying administrative decision was not contrary to law.  Again, Tierney has completely turned on its head the holding and premise of Whitmore v. FEC, 68 F.3d 1212 (9th Cir. 1995).  As is manifest from the entire quotation (FEC MTD p. 12), the nation's "libertarian tradition" means that free citizens are empowered to spend their dollars and make contributions as they see fit, unless expressly prohibited by law.  The absence of any statutory

---

[2]     See Amended Complaint at ¶ 8 ("non-requirement 'to support a specific candidate's campaign efforts' argument [is] valid in the singular…."); Plaintiff's Memorandum in Support of Plaintiff's 6-25-2007 Motion for Judgment on the Pleadings at 2 (same).

restrictions on the use of these assets does not mean that a gap exists which must be fleshed out by the courts, as Tierney asserts, but simply that citizens are free to spend their dollars as they choose.  The FECA does not regulate how state political parties spend their federal dollar contributions, and the courts have no role in our constitutional system to substitute their policy preferences, if any, for this expression of congressional will.

Because Mr. Tierney's briefs fails to sustain his burden of proof that the Commission's dismissal of his administrative complaint was contrary to law, his complaint should be dismissed with prejudice.

Respectfully submitted,

/s/ Thomasenia P. Duncan
Thomasenia P. Duncan
General Counsel
(D.C. Bar # 424222)

/s/ David Kolker
David Kolker
Acting Associate General Counsel
(D.C. Bar # 394558)

/s/ Harry J. Summers
Harry J. Summers
Acting Assistant General Counsel

/s/ Benjamin A. Streeter III
Benjamin A. Streeter III
Attorney

August 14, 2007

FOR THE DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
(202) 694-1650

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS P. TIERNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06CV00663 (JDB) |
| ) | |
| FEDERAL ELECTION COMMISSION, ) | CERTIFICATE OF SERVICE |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I, Benjamin A. Streeter III, an attorney of record, hereby certify that I served the

foregoing Federal Election Commission's Reply in Support of Its Motion to Dismiss or, In the

Alternative, for Summary Judgment upon the following:

Plaintiff Thomas P. Tierney
7 Loma Drive
Framingham, MA 01701-3950

Service was made on the aforementioned party by depositing a copy of the same, first class

postage prepaid, into the United States Mail this 14th day of August, 2007.

/s/ Benjamin A. Streeter III
Attorney
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C.  20463
(202) 694-1650