UNITED STATES OF AMERICA
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Civil Action Number: 1:06CV00663-JDB

| | |
|---|---|
| THOMAS P. TIERNEY,       )<br>   Plaintiff                           )<br>                                          )<br>vs.                                     )<br>                                          )<br>FEDERAL ELECTION COMMISSION, )<br>   Defendant                         )<br>                                          ) | PLAINTIFF'S REPLY BRIEF TO DEFENDANT FEDERAL ELECTION COMMISSION'S OPPOSITION TO PLAINTIFF'S MOTION FOR A JUDGMENT ON THE PLEADINGS |

1.  NOW COMES the Plaintiff Thomas P. Tierney ["Tierney"] and respectfully requests that this Honorable Court approve Plaintiff's 6-25-2007 Motion for a Judgment on the Pleadings.

## SUMMARY OF THE CASE

2.  The substance of this matter relates to the activities [during the 11/6/2002-11/2/2004 election cycle for the U.S. House of Representatives] of a political committee that is registered with and regulated by the Federal Election Commission [the "FEC"] that's named the Massachusetts Republican State Congressional Committee [the "MRSCC"].

3.  During the noted election cycle the MRSCC expended approximately $3.6 Million but [except for a single $385.00 payment] none of it was spent for the direct benefit of the five Republican candidates for Federal office in the 11-2-2004 Massachusetts general election. These five individuals were all running for the U.S. House of Representatives and they included the

RECEIVED
AUG 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff who received 33% of the vote cast for ballot-listed candidates, one individual who received 34% of said vote and three individuals who received 30% or less. The lion's share of the $3.6 Million expenditure was diverted for the benefit of individuals who were candidates for state or county office in Massachusetts during the 2-year election cycle ending on 11-2-2004.

4. Because of this non-funding of federal candidates, Plaintiff [on 10-25-2004] file a complaint with the FEC alleging the minimal funding of federal candidates and the concomitant diversion of monies to those running for Massachusetts state or county office was improper. On 2-10-2006, the FEC, in a decision it labeled "SENSITIVE" dismissed Plaintiff's complaint. And, on 4-10-2006, Plaintiff appealed this dismissal to the captioned Court.

# LEGAL ARGUMENTS

5a. There is a dearth of on-point federal statutory law dealing with the alleged non-funding and diversion and, as might be expected, both parties have claimed this statutory void as buttressing their position.

5b. For instance, the FEC [in its 6-26-2007 "Memorandum . . ." to the Court] said "the Act places no restrictions . . . on how a . . . committee can spend its federal funds". And the FEC then proceeds to claim this non-restriction as a license for the MRSCC to do what it will.

5c. Plaintiff [on the other hand in its 6-26-2007 "Memorandum . . ." to the Court] said "A gap in the applicable statutes, if one exists, just has to be fleshed out by the Courts, FEC regulations, donor intentions, public expectations and an examination of the patterns and practices of similar committees in other states."

5d. This statutory void, especially when coupled with the FEC's avoidance of the issue, has delivered the issue to the Courthouse steps.

6. If the Court gets beyond the FEC's procedural objections and progresses to the substance of the matter, Plaintiff humbly suggests that some arguments the Court might consider [in addition to what has appeared in earlier pleadings] in formulating a decision to grant judgment in its favor are:

* The plain language argument - - - Something ought to be what it says it is, i.e. a federal political committee ought to exist primarily for enhancing federal candidacies. And, at a minimum, the proponent of a contrary view [i.e. the FEC claiming MRSCC monies can be spent without restriction] ought to own the proof burden. In other words, the FEC rather than summarily claiming the absence of a specific prohibition lets them spend without restriction ought to be required to affirmatively justify their expenditures.

and

* The trust fund theory of campaign contribution accumulations - - - The FEC has requested that I provide argument supporting my assertion that accumulated campaign funds should be viewed as trust fund assets. To the FEC [and our nation] I say these funds ought to be considered to be in a quasi-trust because: (i) they exist for the sole benefit of third parties [voters who must be informed - albeit they are often informed in an adversarial manner, but that's unfettered democracy] who have no ownership or control over same; and (ii) they are controlled by candidates or their alter egos who are severely restricted in expending these funds other than for the benefit of the noted third parties.

# CONCLUSION

7. For the reasons noted above and in prior filings, Tierney requests that the Court grant his June 25, 2007 **MOTION FOR JUDGMENT ON THE PLEADINGS**.

                        Respectfully filed

*And signed under the pains and penalties of perjury this thirteenth day of August 2007.*

                        **Thomas P. Tierney, Plaintiff Pro Se**
                        7 Lomas Drive
                        Framingham, MA 01701-3950
                            508-877-3700(voice)
                            508-877-7578(FAX)
                        Tptactuary@aol.com

## CERTIFICATE OF SERVICE

The undersigned maker of the foregoing argument certifies that on the 13th day of August 2007, a copy of this reply brief was served on Defendant Federal Election Commission by a United States Postal Service First Class Mailing to its counsel who are identified as follows:

>Colleen T. Sealander, Esq.
>Benjamin A. Streeter, III, Esq.
>FEDERAL ELECTION COMMISSION
>999 E Street, NW
>Washington, DC 20463
>
>Tel. 202-694-1650

*Signed under the pains and penalties of perjury this thirteenth day of August 2007.*

>*[signature]*
>Thomas P. Tierney, Plaintiff Pro Se
>7 Lomas Drive
>Framingham, MA 01701-3950
>    508-877-3700(voice)
>    508-877-7578(FAX)
>Tptactuary@aol.com