UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS P. TIERNEY,

    Plaintiff,

        v.

FEDERAL ELECTION COMMISSION,

    Defendant.

Civil Action No.  06-0663 (JDB)

## MEMORANDUM OPINION

Plaintiff Thomas P. Tierney seeks judicial review of the dismissal by defendant Federal Election Commission ("FEC") of his administrative complaint challenging the Massachusetts Republican State Congressional Committee's campaign spending in 2004.  The FEC has moved to dismiss for lack of standing, or alternatively for summary judgment on the ground that the FEC's decision to dismiss Tierney's administrative complaint was not "contrary to law" under 2 U.S.C. § 437g(a)(8)(C).  For his part, Tierney has moved for judgment on the pleadings.  For the reasons explained below, the Court will grant the FEC's motion and deny Tierney's motion.

## BACKGROUND

Shortly before the 2004 election, in which he was a candidate, Tierney filed an administrative complaint with the FEC asserting that the Massachusetts Republican State Congressional Committee ("Mass. Repub. Committee") unlawfully failed to spend funds to support Republican candidates for federal office in Massachusetts.  He alleged that the Mass. Repub. Committee improperly spent most of more than $3 million in federal contributions

received during the 2004 election cycle on state and local campaigns rather than federal campaign activity.

The FEC considered Tierney's complaint and determined that, based on the facts asserted, there was no basis to conclude that the Mass. Repub. Committee had violated the Federal Election Campaign Act of 1971, as amended, 2 U.S.C. §§ 431-55 ("the Act" or "FECA").  Adopting the First General Counsel's Report,[1] the FEC concluded that although FECA limits and governs how federal funds are raised, it does not restrict the use of federal funds by state political parties.  FECA therefore neither requires the Mass. Repub. Committee to spend its federal funds on congressional candidates nor bars it from spending federal funds on state and local elections -- the choice is entirely up to a state party's committee to decide how to spend its federal funds.  The FEC voted unanimously to adopt the General Counsel's recommendation and dismiss Tierney's administrative complaint.  Tierney then sought review of that decision in this Court.

## DISCUSSION

The FEC contends both that Tierney lacks standing to pursue this action and that, even if he has standing, the dismissal of Tierney's administrative complaint by the FEC was not contrary to law.  The Court agrees with the FEC on both points.

**I.    Tierney Has Not Established Standing**

Determining standing is a threshold jurisdictional requirement.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-02 (1998); Whitmore v. Arkansas, 495 U.S. 149, 155 (1990);

---

[1] The FEC may follow its General Counsel's recommendation without writing its own statement of reasons, in which case the General Counsel's report is sufficient to support the dismissal of a complaint.  See FEC v. Democratic Senatorial Campaign Comm., 454 U.S. 27, 38-39 n.19 (1981); Carter/Mondale Presidential Comm., Inc. v. FEC, 775 F.2d 1182, 1186 n.2 (D.C. Cir. 1985).

Kucinich v. Bush, 236 F. Supp. 2d 1, 3 n.5 (D.D.C. 2002).  Tierney, as plaintiff in this action, has the burden of establishing his standing to sue.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  By now, the three "irreducible constitutional minimum" elements of standing that must be shown are quite familiar: an injury-in-fact, a causal relationship between that injury and the action that is challenged, and the likelihood that the injury can be redressed by the relief sought in court.  Lujan, 504 U.S. at 560-61.  The Supreme Court has emphasized that the injury asserted must be "concrete and particularized" and "actual or imminent," and not "conjectural" or "hypothetical" or merely a generalized grievance about government.  Id. at 560, 573-74; see also FEC v. Akins, 524 U.S. 11, 23 (1998).  Moreover, with respect to causation (or traceability), the injury must be fairly traceable to the challenged action of the defendant, rather than resulting from a third party's independent action, and standing is "substantially more difficult" to establish when an asserted injury results from "the government's allegedly unlawful regulation (or lack of regulation) of someone else."  Lujan, 504 U.S. at 560-62 (emphasis in original).

Tierney's action is apparently brought pursuant to 2 U.S.C. § 437g(a)(8).  However, that provision "does not confer standing; it confers a right to sue upon parties who otherwise already have standing."  Common Cause v. FEC, 108 F.3d 413, 419 (D.C. Cir. 1997).  While Tierney appears to assert that he has been harmed by the decision of the Mass. Repub. Committee not to assist his 2004 campaign financially, "'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief.'"  Natural Resources Defense Council v. Pena, 147 F.3d 1012, 1022 (D.C. Cir. 1988) (quoting O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).  The FEC has argued, then, that as a former candidate without plans to seek future office, Tierney's claim of past injury is not an injury-in-fact sufficient to confer standing in this action

seeking injunctive relief only.

Tierney has now clarified that he also is a candidate in the September 4, 2007 special primary for a Massachusetts congressional seat, although that election, too, has now passed. But he has not explained what future injury he will face given that he appears to have conceded that the Mass. Repub. Committee is not required to provide financial support to his particular candidacy. Hence, a "concrete and particularized" injury-in-fact remains lacking here.

So, too, Tierney has not met the traceability and redressability prongs of the standing test. His injury was not caused by the FEC's conduct in dismissing his administrative complaint, but by the independent actions of a third party -- the decision of the Mass. Repub. Committee not to spend its federal funds to support Tierney's 2004 candidacy (or even his 2007 candidacy). The specific decision not to provide him any financial support, then, is not traceable to the FEC or to FECA more generally. See Lujan, 504 U.S. at 560-61; Albanese v. FEC, 78 F.3d 66, 68 (2d Cir. 1996) (FECA does not require contributions to any candidate, but only limits the permitted amounts of contributions; hence, the claimed injury was not attributable to FECA). And even if Tierney is conjecturing that the Mass. Repub. Committee will not spend its funds to support his candidacy in any future election, that hypothetical possibility likewise would not be traceable to any action of the FEC or requirement of FECA. Finally, the relief he seeks -- a "forensic accounting" of the Committee's disbursements during the 2004 election and establishment of an "operational standard" for such spending, and an order restoring certain funds to the Committee -- would not seem to remedy his own alleged injury during the 2004 campaign or concerns that the Committee might decide not to spend its federal funds on him in the future.

For these reasons, Tierney has not met his burden to establish the essential elements of

standing -- injury-in-fact, traceability and redressability.  He therefore does not have standing and the FEC's motion to dismiss for lack of jurisdiction will be granted.

**II.     The Dismissal of Tierney's Administrative Complaint Was Not "Contrary to Law"**

Even if Tierney had standing, he cannot satisfy the strict standard for overturning an FEC decision to dismiss an administrative complaint.  The D.C. Circuit has emphasized that under this highly deferential standard that presumes the validity of the FEC's action, a court "may set aside the FEC's dismissal of a complaint only if its action was contrary to law, see 2 U.S.C. § 437g(a)(8), e.g., arbitrary and capricious, or an abuse of discretion."  Hagelin v. FEC, 411 F.3d 237, 242 (D.C. Cir. 2005); see also Common Cause, 108 F.3d at 415.  Once again, the burden of proof is on Tierney as the party challenging agency action as arbitrary and capricious.  See San Luis Obispo Mothers for Peace v. NRC, 789 F.2d 26, 37 (D.C. Cir. 1986) (en banc).

The FEC's decision was not contrary to law or arbitrary and capricious.  Rather, the decision to dismiss Tierney's administrative complaint was based on the plain language of FECA, which contains no restriction on how a state political party committee spends its federal funds.  There simply is no provision in FECA that requires disbursement of such funds for any specific purpose or that prohibits the use of those funds for non-federal purposes.  As the General Counsel, and hence the FEC, concluded, the term "federal funds" only means that the funds have been raised and reported in compliance with FECA, not that those funds must be spent on federal candidates.

While acknowledging that there is no statutory restriction to support his position, Tierney nonetheless argues that there is an unwritten restriction, or that the FEC or this Court should create one.  But the Act leaves state parties unrestricted except as expressly indicated.  Tierney's

"analogies" to 11 C.F.R. § 106.7(b) and to 2 U.S.C. § 439a to support his plea for this Court to fill a statutory gap are not persuasive.[2]  Section 106.7 only applies where state political parties choose to spend funds on both federal and non-federal elections, but does not require parties to disburse funds in support of federal candidates.  And section 439a simply sets restrictions on the personal use of funds by candidates, but says nothing about spending by state political party committees.

In the end, Tierney cannot supply by analogy or otherwise that which Congress has not provided in the language of FECA.  The statute leaves state political parties unrestricted as to how they can spend their federal funds.  There is no basis to assume, as Tierney urges, that state political parties cannot spend federal funds on non-federal purposes because FECA does not specifically permit it.  Moreover, it is not for the courts to create such restrictions and add them to FECA; that is the role of the political branches, and particularly Congress.  See, e.g., Whitmore v. Arkansas, 495 U.S. at 161; Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 865-66 (1984); TVA v. Hill, 437 U.S. 153, 194-95 (1978).  As the FEC emphasizes, "FECA does not regulate how state political parties spend their federal dollar contributions, and the courts have no role in our constitutional system to substitute their policy preferences, if any, for this expression of congressional will."  FEC Reply at 3; see Whitmore v. FEC, 68 F.3d 1212, 1215 (9th Cir. 1995).  The Court agrees and concludes that the FEC's dismissal of Tierney's administrative complaint was not contrary to law.

---

[2] Tierney's reliance on provisions of the Employee Retirement Income Security Act of 1974 is likewise unconvincing.  That statute cannot supply Congressional intent or statutory language for FECA.

## **CONCLUSION**

For the foregoing reasons, the FEC's motion to dismiss or, alternatively, for summary judgment will be granted, and Tierney's motion for judgment on the pleadings will be denied. A separate order will be issued.

/s/
JOHN D. BATES
United States District Judge

Dated:   March 12, 2008